**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6145**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN BAUTISTA ALOMIA-TORRES, a/k/a Juan Baustista-Alomia,
a/k/a Luis Antonio Torres, a/k/a Edward Martinez, a/k/a Luis
Alfredo Martinez, a/k/a John the Jamaican, a/k/a John,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.   Frank D. Whitney,
District Judge.  (3:97-cr-00040-FDW-2; 3:01-CV-301-V-SW)

Submitted:  July 24, 2009            Decided:  August 19, 2009

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Juan Bautista Alomia-Torres, Appellant Pro Se.   Michael E.
Savage, Jennifer A. Youngs, Assistant United States Attorneys,
Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Bautista Alomia-Torres seeks to appeal the district court's April 20, 2006, order construing his Fed. R. Crim. P. 60(b) motion as a successive 28 U.S.C.A. § 2255 (West Supp. 2009) motion and dismissing it without prejudice. Alomia-Torres previously sought to appeal this order, but we dismissed his appeal because the notice of appeal was not timely filed. See United States v. Alomia-Torres, 286 F. App'x 11 (4th Cir. 2008) (No. 07-7771). In November 2008, the district court granted Alomia-Torres's October 2007 motion for an extension of time to file a notice of appeal from the April 2006 order, extending the appeal period until January 23, 2009. Alomia-Torres then filed another notice of appeal.

Our review of the record leads us to conclude that the district court erred in granting Alomia-Torres' motion. Alomia-Torres stated in his motion that he received the district court's order on October 5, 2007. He did not file a motion for extension or reopening of the appeal period until October 22, 2007.* Rule 4(a)(6)(B) requires that a motion to reopen the appeal period be filed "within 180 days after the judgment or

---

* We assume that the date appearing on the certificate of service attached to the motion is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 497 U.S. 266, 276 (1988).

2

order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Here, Alomia-Torres failed to file his motion either within seven days of receiving notice of the entry of the district court's order or within 180 days after the order was entered. Accordingly, we dismiss the appeal.

We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED